IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DUNCAN J. McNEIL, III                                                                                   PLAINTIFF

      v.                                              Civil No. 06-2037

UNITED STATES OF AMERICA                                                                    DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Duncan J. McNeil, III, filed this pro se action on April 4, 2006. The case was filed nunc pro tunc to March 30, 2006. McNeil's *in forma pauperis* (IFP) application is before the undersigned for a determination of whether it should be granted. The case is also before the undersigned for a determination of whether it should be served upon the defendants.

### I. Background

McNeil submitted forty numbered pages of material that begin with his IFP application. What appears to be his complaint begins on page five and is captioned "collateral attack on 'strike' orders."

McNeil challenges the constitutionality of a number of orders entered by various state and federal courts. He categorizes these orders as: (1) vexatious litigant orders; (2) pre-filing orders or orders restricting access to the courts; (3) sua sponte dismissal orders declaring that the dismissal constitutes a "strike" under the Prison Litigation Reform Act (PLRA); and (4) orders applying the "three strikes" rule of the PLRA.

His challenge apparently includes two dismissals of prior cases he filed in this district. The first case was *McNeil v. United States, et al.,* Civil No. 05-2119. This case was dismissed

-1-

by order entered on October 6, 2005. Under the provisions of the PLRA, McNeil was determined to have more than three strikes and his IFP status was revoked. The case was also dismissed because the claims asserted in it were frivolous.

The second case was *McNeil v. United States, et al.,* Civil No. 06-2013. This case was dismissed by order entered on March 27, 2006. McNeil's application to proceed IFP was denied under the three strikes provision of the PLRA and his claims were dismissed on the grounds that they were frivolous.

The IFP application reflects that McNeil is currently incarcerated in the Spokane County Jail, Spokane, Washington. He alleges his incarceration is as a "'civil detainee' under void civil orders." *IFP Application*, *Page 1 of 40.*

McNeil indicates he is a judgment creditor who has been victim of numerous non-judicial acts including the unlawful issuance of: vexations litigant orders; pre-filing orders or orders restricting access to the courts; sua sponte dismissal orders; and three strike orders pursuant to 28 U.S.C. § 1915. *Page 5 of 40.* McNeil contends all such denial of access orders (referred to as DOA orders) are void ab initio, entered in violation of due process, in violation of various Bankruptcy laws, and without giving full faith and credit to foreign judgments. *Pages 5-7 of 40.* He also maintains these orders have denied him the right of access to the courts. *Page 9 of 40.* He contends this court has a duty to vacate and declare void ab initio each and every "denial of access" order.

McNeil maintains he was acting as a court appointed fiduciary and arm of the courts as an officer of the United States pursuant to 11 U.S.C. § 1123(b)(3)(B) and as the transferee of, or successor in interest of, the reorganized debtor and the debtor's estate. *Page 7 of 40.* McNeil

indicates he has been appointed disbursing agent, liquidating trustee, and general manager for reorganized debtor Broadway Buildings, II, L.P. *Page 23 of 40.*

McNeil alleges he is a disabled person and has been the victim of discrimination and retaliation by the United States, the State of Washington, and the City of Spokane. He maintains he has been retaliated against for exercising his court appointed duties. *Page 23 of 40.* He alleges he has been unlawfully arrested and incarcerated and invalid criminal convictions have been obtained against him. *Page 25 of 40.*

## II. Discussion

We conclude McNeil is not eligible for IFP status. As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

In this case, in an effort to avoid application of the "three strikes rule" McNeil has alleged he is a "civil detainee" not a prisoner. We find this argument to be without merit. The term "prisoner" is defined to mean: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). McNeil is detained at the Spokane County Jail and he has alleged his incarceration is pursuant to criminal convictions. Clearly, he is a prisoner as defined by the PLRA.

McNeil next argues the three strikes provision does not apply to him because his numerous cases have been mandamus actions to compel officers of the United States to perform mandatory, non-discretional and ministerial duties owed to him as a judgment creditor. *Pages 10-11 of 40.* He therefore contends the numerous dismissals cannot be counted as strikes against him.

We disagree. It has been held that a mandamus proceeding that arises from an ongoing civil rights lawsuit falls within the scope of the PLRA. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). Similarly, it has been held that the court must look to underlying action to determine if the PLRA applies to a writ of mandamus *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996). In McNeil's case, the underlying actions he filed in numerous jurisdictions were actions in which he contended his constitutional rights were violated by the defendants' failure to collect on his

judgment or give full faith and credit to the judgment. *See e.g., McNeil v. United States*, 2006 WL 566472, *2 (N.D.N.Y. March 7, 2006)(Rejecting the argument that the three strikes rule did not apply to the case in which McNeil sought mandamus relief. "[T]he underlying action is collection on a judgment which is clearly, a civil action."). These actions constitute civil actions within the meaning of the PLRA.

McNeil has filed complaints "in up to 70 different judicial districts throughout the nation." *McNeil v. United States,* No. CV-05-211, 2005 WL 1915842 (E.D. Wash. Aug. 9, 2005). He has been noted to be a "seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends." *Id.* In fact to attest to McNeil's history of vexations litigation, the Eastern District of Washington had a copy of its order of dismissal "sent to the District Executive of every judicial district in the country so as to notify those courts of plaintiff's vexatiousness and encourage *sua sponte* dismissal of his complaints." *Id.* The court also noted that "[p]rior to [the] recent deluge of filings in other judicial districts, plaintiff received 'three strikes' in this district under 28 U.S.C. § 1915." *Id.*

McNeil has had any number of cases dismissed as frivolous. *See e.g., McNeil v. United States*, 395 F. Supp. 2d 848 (D. Neb. 2005); *McNeil v. United States*, No. 05-1251, 2005 WL 2266089 (M.D. Pa. Sept. 16, 2005); *McNeil v. United States*, No. 05-114, 2005 WL 2099902 (D. Me. June 24, 2005). At least three previous actions qualify as strikes against McNeil under section 1915(g). *McNeil v. United States*, No. 05-379 (N.D. Ind.)(case dismissed as frivolous on 8/30/2005 & appeal dismissed 12/19/2005 for failure to pay filing fee); *McNeil v. Gregoire, et al.*, Civil No. 04-372 (E.D. Wash.) (dismissed as frivolous on 11/9/2004 & appeal on consolidated case (04-371) dismissed for failure to pay the filing fee) *McNeil v. Whaley*, 04-371

(E.D. Wash.)(dismissed as frivolous on 11/9/2004 & appeal dismissed on 8/1/2005 for failure to pay the filing fee).

Additionally, in several other cases McNeil has been denied IFP status and the cases have been dismissed when McNeil failed to tender the filing fee after he was denied in forma pauperis (IFP) status. *See e.g., McNeil v. United States.*, Civil No. 05-897 (M.D. La.)(IFP status denied 7/6/2005 and case dismissed for failure to tender the filing fee on 8/4/2005); *McNeil v. United States, et al.,* Civil No. 05-368 (N.D. Okla.)(IFP status denied 7/15/2005 and case dismissed for failure to tender the filing fee on 8/15/2005). In at least one case, McNeil has been denied IFP status and the case summarily dismissed based on his failure to advise the court that he has "struck out." *See McNeil v. United States*, *et al.,* Civil No. 05-3592 (N.D. Ill.) (IFP status denied and case dismissed 6/30/2005). He has also had cases dismissed by virtue of the application of the three strikes rule. *See e.g., McNeil v. United States*, No. 05-4101 (D.S.D.)(dismissed Sept. 23, 2005, based on the three strikes rule).

Therefore, McNeil is not eligible for IFP status. However, having brought this action, McNeil remains obligated to pay the full filing fee of $250. *See* 28 U.S.C. § 1915(b)(1).

This case also is subject to dismissal because it is frivolous. First, a *Bivens* claim cannot be brought against the United States, its agencies, or its employees in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Thus, the defendant cannot be sued for the alleged constitutional violations.

Second, this court does not have jurisdiction by virtue of the existence of diversity of citizenship. The United States and its agencies are not citizens for diversity purposes and cannot

AO72A
(Rev. 8/82)

be sued in diversity. *See e.g., Texas v. ICC*, 258 U.S. 158, 160, 42 S. Ct. 261, 66 L. Ed. 2d 531 (1922); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991).

Third, the United States and its agencies have sovereign immunity from suit and can only be sued with their consent and under whatever terms Congress may impose. *United States v. Sherwood*, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). Thus, the United States is not subject to suit under the general common law or under any statute that does not contain a wavier of sovereign immunity.

Fourth, this court does not have jurisdiction to review the orders entered by state courts or by other federal district courts. Instead, the United States Supreme court alone has jurisdiction to review state court decisions. *See e.g., Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004). Review of a final federal district court decision is vested as a general matter in the various circuit courts of appeal. *Hawkins v. City of Farmington*, 189 F.3d 695, 706 (8th Cir. 1999). *See also* 28 U.S.C. § 1291. If McNeil is dissatisfied with the ruling of various courts, his remedy is to file a timely appeal to the court having appellate jurisdiction over the decisions of that court.

### III. Conclusion

I therefore recommend that:

(1) McNeil's application to proceed IFP status be denied on the grounds he has more than three strikes under the Prison Litigation Reform Act;

(2) McNeil's claims be dismissed on the grounds the claims are frivolous and fail to state claims upon which relief may be granted; and

AO72A
(Rev. 8/82)

(3) the clerk be directed to collect the $250 filing fee pursuant to the Prison Litigation Reform Act.

**McNeil has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McNeil is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of April 2006.

      /s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE