**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**DUNCAN J. McNEIL, III**   **PLAINTIFF**

v.   Civil No. 06-2037

**UNITED STATES OF AMERICA**   **DEFENDANT**

## O R D E R

Now on this 16th day of May, 2006, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #4), and plaintiff's objections thereto (document #5), and from said documents, the Court finds and orders as follows:

1. Plaintiff's initial filing, which the Court will refer to as a complaint, purports to be a collateral attack on various orders denying him the right to file civil suits pursuant to **28 U.S.C. §1915**. The Magistrate Judge reported that plaintiff is not eligible for *in forma pauperis* status under that statute because he has filed complaints in some seventy different judicial districts and is a "seasoned vexatious litigant."

In the Report And Recommendation, the Magistrate Judge quoted **§1915(g)**, which provides in relevant part as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2. Plaintiff objects that he should be allowed to go forward with his case as a pauper because he is "presently under imminent danger of serious physical injury, due to retaliation and retribution for having exercised my constitutional rights. I am in the 'hole' and my medications are being withheld in acts of intentional indifference to my health, safety and welfare, in violation of the 8th Amendment."

3. Plaintiff misperceives the loophole in **§1915(g)**. If he is in fact in imminent danger of serious physical injury because of how his jailers in Spokane, Washington, are treating him, **§1915(g)** will allow him the right, in spite of his "three strikes" status, to file suit *in forma pauperis* for relief from the endangering conditions. **Higgins v. Carpenter, 258 F.3d 797 (8th Cir. 2001)**(§1915 "does not render frequent filer who cannot prepay entire filing fee without means for asserting claims to prevent grave bodily harm"). The statute does not, however, empower him to continue to litigate the claims asserted before this Court *in forma pauperis*. **McAlphin v. Toney, 375 F.3d 753 (8th Cir. 2004)**. This objection will, therefore, be overruled.

4. To the extent that plaintiff's objection can be read as an attempt to interject claims of imminent danger of serious physical injury into the pending lawsuit, it must also be rejected. Plaintiff is incarcerated in the Spokane County Jail, Spokane, Washington, over which this Court has no jurisdiction.

5. Because plaintiff is precluded from filing any complaint

*in forma pauperis*, the Court need not concern itself with his other objections.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*.

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge,** plaintiff's application to proceed *in forma pauperis* in this matter is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's Complaint is **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk of Court collect the $250.00 filing fee for this action pursuant to the Prison Litigation Reform Act.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**